IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DE'ARIS TRICE, | |
| Petitioner, | 8:25CV468 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on initial review of Petitioner De'Aris Trice's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1. The Court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

> establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart,* 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

Based on this Court's records, Trice's habeas corpus petition is successive. Trice challenges his 2014 second degree murder conviction in the Madison County District Court, but he unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation before the Honorable Richard G. Kopf. *See Trice v. Frakes,* No. 8:19CV562, 2020 WL

7075595, at *1 (D. Neb. Dec. 3, 2020) (Filing No. 14, dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254). In his previous petition, Trice claimed the Nebraska statute defining the crime of second degree murder, Neb. Rev. Stat. § 28-304(1), is unconstitutional, and his conviction was a miscarriage of justice. *Trice v. Frakes*, 8:19CV562, Filing No. 1. Judge Kopf determined the petition was filed more than two years after the one-year habeas statute of limitations had expired, and Trice failed to present the court with any reason to excuse the late filing due to a miscarriage of justice. *Trice*, 2020 WL 7075595, at *5-6.

Liberally construed, Trice now alleges he received ineffective assistance of counsel because his attorney failed to present evidence showing Trice was innocent, failed to object to the prosecution's evidence, advised him to waive his right to a jury trial, and provided an incorrect explanation of the applicable law. He also claims there was insufficient admissible evidence to support his conviction, and the prosecution withheld exculpatory evidence. Filing No. 1 at 4-7. Trice knew, or in the exercise of due diligence, could have known the facts underlying his current claims when his prior habeas petition was filed.

The present petition is clearly successive, and Trice must obtain permission from the Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton*, 549 U.S. at 152 (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Trice has failed to make a substantial showing that a constitutional right was denied. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED:

1. The habeas corpus petition, Filing No. 1, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals.

2. No certificate of appealability has been or will be issued in this matter.

3. The Court will enter judgment by separate document.

Dated this 30th day of September, 2025.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Judge